[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
 Facts
The plaintiff town of Preston filed the complaint in this mandamus action on February 16, 2001. In the complaint, the plaintiff alleges the following facts. On May 30, 1996, the defendant department of social services (DSS) notified the town by letter that an audit of the town's general assistance program for the period from July 1, 1989 through June 30, 1992 indicated that the town owed adjustments in the amount of $45,826. The letter indicated that the town could file an appeal within thirty days pursuant to General Statutes § 17-3a (now General Statutes § 17b-78). A regulation promulgated under that statute provides in relevant part: "A town wishing to exercise its hearing right must file a written request with the Commissioner within 30 days after receipt of the final audit report. The request shall include a statementof the specific grounds upon which the appeal is based." (Emphasis added.) Regs., Conn. State Agencies § 17-3a-36 (H) (now § 17b-78-36 (H)) (General Assistance Policy Manual [1994 Ed.] c. III, § XXVI [H]).
On June 28, 1996, the town's first selectman sent a letter requesting an appeal from the audit. The town received no further communications regarding its request for an appeal. On April 17, 1997, the town received a letter from DSS indicating that due to audit adjustments, the town owed $41,527.75. The town's first selectman sent a letter to DSS indicating that the town had appealed the results of the audit but that a hearing had never been scheduled. On June 6, 2000, the first selectman sent another letter requesting an appeal. On June 21, 2000, William Rufleth, manager of adult services at DSS sent a letter to the town indicating that he had sent a letter to the town on July 8, 1996 requesting the specific grounds for the towns appeal. The town never received the July 8, 1996 letter. The town sent DSS another letter requesting a hearing on June 29, 2000. On January 12, 2001, DSS denied the town's request for a hearing.
The town alleges that it is entitled to a hearing pursuant to General Statutes § 17b-78 and § 17-3a-36 (H) (now § 17b-78-36 (H)) of the Regulations of Connecticut State Agencies (General Assistance Policy Manual [1994 Ed.] c. III, § XXVI [H]). The town seeks a writ of mandamus compelling DSS to hold a hearing on the town's appeal. CT Page 6268
On May 8, 2001, DSS filed a motion to dismiss the action for lack of subject matter jurisdiction. Specifically, DSS moves to dismiss on basis of the doctrine of primary jurisdiction, the existence of an adequate remedy at law, and the prior pending action doctrine. The motion is supported by a memorandum of law. On May 25, 2001, the town filed an objection to the motion to dismiss and a memorandum of law.
 Discussion
As stated above, DSS sets forth three grounds for its motion to dismiss. First, DSS argues that the doctrine of primary jurisdiction requires that the town to pursue its claims by way of an administrative appeal pursuant to General Statutes § 4-183. Second, DSS argues that the mandamus action should be dismissed because the town has an adequate remedy at law, namely, an administrative appeal pursuant to General Statutes § 4-183. Third, DSS argues that the mandamus action should be dismissed under the prior pending action doctrine because the town has commenced a separate administrative appeal pursuant to § 4-183.
In resolving these claims, the court takes judicial notice of the court file in a separate administrative appeal brought by the town. See Preston v. Department of Social Services, Superior Court, judicial district of New London at New London, Docket No. 122030. This court today has granted DSS's motion to dismiss that administrative appeal. That action was dismissed on the ground that the town has no right to an administrative appeal under § 4-183 because the refusal of DSS to hold a hearing is not a final decision in a contested case as defined in General Statutes § 4-166. The court's ruling in that case defeats DSS's claim in the present case that the town's proper recourse is an administrative appeal pursuant to § 4-183. The first two grounds for dismissal set forth by DSS in the present case therefore are invalid. Furthermore, the dismissal of the administrative appeal eliminates any basis for the court to dismiss this action under the prior pending action doctrine. Consequently, there is no merit to the third ground asserted by DSS.
 Conclusion
For the reasons set forth above, the motion to dismiss is hereby denied.
Robaina, J.